Bradley COHN, Plaintiff—Appellee,

v.

PRICE COSTCO WHOLESALE CORP., Defendant—Appellant.

Bradley Cohn, Plaintiff–Appellee,

v.

Price Costco Wholesale Corp., Defendant–Appellant.

Nos. 02–56809, 02–56987, 03–55097.

D.C. Nos. CV–00–01584–RMB, CV–00–01584–RMB(LSP).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Dec. 3, 2003.

Douglas A. Pettit, Klinedinst P.C., San Diego, CA, for Plaintiff–Appellee.

Karin Dougan Vogel, Tara L. Wilcox, Matthew S. McConnell, Sheppard, Mullin, Richter and Hampton, LLP, San Diego, CA, for Defendant–Appellant.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Price Costco Wholesale Corp. ("Costco") appeals a jury verdict in favor of plaintiff Bradley Cohn, as well as two post-trial awards of attorney's fees. We affirm.

### A. *The Jury Award*

The jury's award was not excessive as a matter of law. California Civil Code section 3333 permits compensation for "all the detriment proximately caused" by employment discrimination (among other things), and under this provision "California courts are authorized to award to a victim of employment discrimination all damages necessary to make the victim whole." *Cloud v. Casey*, 76 Cal.App.4th 895, 909, 90 Cal.Rptr.2d 757 (1999). California does not adhere to the so-called "post-resignation rule," which might otherwise cut off Cohn's damages after a voluntary resignation. *See id.* The jury could have concluded that Costco's failure to engage in the interactive process directly caused damages to Cohn that extended beyond the date of any offer of reasonable

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

accommodation as well as beyond the date of Cohn's voluntary resignation. Under California law, a full award of damages for such injury is not improper.

The fact that Costco may have provided a temporary "reasonable accommodation" does not alter this conclusion. Counsel represented at oral argument that the jury was never instructed that a temporary offer of accommodation does not meet the obligation of providing a reasonable accommodation. *Cf. Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 264, 102 Cal. Rptr.2d 55 (2000) ("A temporary position is not … a reasonable accommodation."); *Criado v. IBM Corp.*, 145 F.3d 437, 444–45 (1st Cir.1998) (allowing a disabled employee a one-month leave of absence when the employee requested a longer leave period did not absolve the employer of its duty to accommodate); *see also McAlindin v. County of San Diego*, 192 F.3d 1226, 1237 (9th Cir.1999) (quoting *Criado* for proposition that the duty to reasonably accommodate is a " 'continuing' duty that is 'not exhausted by one effort' "). The jury could reasonably have thought that Costco's offer of a temporary accommodation did not terminate its obligation to participate in the interactive process precisely because it was *temporary* –the offer itself, in explicitly providing for reassessment after eight weeks, contemplated that the interactive process would continue. The jury thus could have awarded damages for Cohn's resultant loss, subtracting some amount to represent the wages he could have earned through mitigation–i.e. through acceptance of Costco's offer of temporary accommodation.

Under the deferential standards of review we employ under these circumstances, *see Freund v. Nycomed Amersham*, 347 F.3d 752, 771 (9th Cir.2003); *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002); *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1477 (9th Cir.1993), we cannot conclude that the jury's award was excessive or otherwise improper.

### B. *Attorney's Fees*

■ We also uphold the awards of attorney's fees. An award of attorney's fees made pursuant to state law is reviewed for an abuse of discretion. *Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1102 (9th Cir. 2003). We do not find that the district court abused its discretion in finding that all of Cohn's claims were related and that his attorneys' hours were reasonably expended. All of Cohn's claims arose from the series of events that took place when he tried to return to work and obtain an accommodation for his disability. Cohn's attorneys pursued all reasonable claims that arose from this series of events, and all of the claims were strongly interrelated. *Cf. Entm't Research Group v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1230 (9th Cir.1997) ("It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.' "). Cohn's various claims were not "distinctly different claims for relief that are based on different facts and legal theories." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Greene v. Dillingham Constr. N.A., Inc.*, 101 Cal.App.4th 418, 424, 124 Cal.Rptr.2d 250 (2002). Therefore, we affirm the awards of attorney's fees.

AFFIRMED.